IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| SAMUEL H. STEINER | : | |
| | : | Bankruptcy No. 22-10397 (AMC) |
| | : | |
| Debtor. | : | |

**MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. Sec. 707(b)(3)
BY THE UNITED STATES TRUSTEE**

The United States trustee for Region 3, ("UST") by and through the undersigned counsel, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), moves for the entry of an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(3). In support of the Motion, the UST represents as follows:

*Preliminary*

1. Samuel H. Steiner, ("Debtor"), commenced this case by filing a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on February 18, 2022.

2. The time in which to file an objection to discharge and/or a motion under Sec. 707 (b)(3) has not expired and has been extended to September 23, 2022, by Order of this Court entered on August 10, 2022.

3. Debtor states that his obligations are primarily consumer debts, (Petition at Docket 1).

4. On May 20, 2022, Debtor filed Schedule F under penalty of perjury indicating Debtor has general unsecured debts totaling $92,138.00, (Schedule F, Docket #3);

5. On August 10, 2022, the Debtor filed Amended Schedules under penalty of perjury, (Docket #53), indicating:

   a. Debtor is single and has no dependents;

   b. Debtor claims income of $3,939.80 gross per month and net monthly income of $2709.99 per month, after deduction of taxes, medicare, a voluntary retirement account contribution of 341.41, and social security payments. On information belief, it is averred that Debtor failed to report additional monthly income of $1,246.00 per month from lost wages compensation;

   c. Debtor claims monthly expenses totaling $1,750.27, which includes a $500.00 payment in support of a "friend" who does not reside with him, netting a positive balance of $1,000.72

*Section 707(b)(3) totality of circumstances*

6. Section 707(b)(1) provides that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that granting relief would be an abuse of the provisions of [Chapter 7].

7. Section 707(b)(3) of the Bankruptcy Code provides in pertinent part that:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (A)(I) does not arise or is rebutted, the court shall consider-
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

8. It is therefore averred based upon the foregoing that after adding back the voluntary retirement contribution ($341.31) and the undisclosed income ($1,246.00), to Debtor's claimed net income ($2,709.99) and reducing debtor's claimed expenses ($1,750.27) by the

contribution for support of an unrelated friend ($500.00), that the Debtor has a surplus of $3,047.03 in net monthly income available to fund payments to creditors under a chapter 13 plan thereby making Debtor abusive under Section 707(b)(3).

    WHEREFORE, for the reasons set forth above, the UST respectfully requests that the Court dismiss this case or grant such other relief as this Court deems equitable and just. The UST reserves the right to supplement this Motion based upon additionally discovered information prior to or at the time set for the hearing thereon.

September 16, 2022

ANDREW R. VARA
Acting United States trustee
Region 3

By:    */s/ George M. Conway*
George M. Conway
PA Bar ID 26676
Trial Attorney
900 Market Street, Room 320
Robert N.C. Nix Federal Building
Philadelphia, Pennsylvania 19107
Telephone: (215) 597-8418
Email: george.m.conway@usdoj.gov